14-1188
*Morris v. City of New York, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                          *Chief Judge*,
                 JOHN M. WALKER, JR.,
                 DENNY CHIN,
                          *Circuit Judges*.

_____

PEGGY MORRIS,

                          *Plaintiff-Appellant*,

                          v.                                               No. 14-1188-cv

SERGEANT EDWARD SILVESTRE, OFFICER ROSA
JORDAN, Shield 829, POLICE OFFICER KRISTYN
GRAZIANO, Shield 24802, POLICE OFFICER JAMES
DAMERON,
                          *Defendants-Appellees,*

CITY OF NEW YORK, DEPUTY INSPECTOR KRYSTAL
JOHNSON, POLICE OFFICER JOHNNY HINES, III,
Shield 20033, POLICE OFFICER CASSANDRA
McKAY-BROWN, DETECTIVE SHERMAN PEARSON,
113TH SQUAD DETECTIVES #1-6, 113TH JOHN DOE
POLICE OFFICERS #1-12, 113TH JANE DOE POLICE
OFFICERS #1-6,
                          *Defendants*.[*]

_____

_____

[*] The Clerk of Court is directed to amend the caption.

For Plaintiff-Appellant:        Joseph N. Obiora, Jamaica, NY.

For Defendants-Appellees:       Tahirih M. Sadrieh *for* Zachary W. Carter, Corporation
                                Counsel of the City of New York, New York, NY.


Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Peggy Morris appeals from a March 21, 2014 judgment following an

October 28, 2013 Memorandum and Order (Gleeson, *J.*), which granted summary judgment to

the defendants on all but one of Morris's claims. To bring about this appeal, Morris voluntarily

dismissed with prejudice the surviving claim for illegal search against Sergeant Edward

Silvestre. We assume the parties' familiarity with the underlying facts, procedural history, and

the issues on appeal.

We review de novo a district court's grant of summary judgment. *See Roe v. City of

Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). "The court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where factual disputes exist, a court must

view the facts in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 255 (1986). Claims brought under section 1983 are guided by the tort law of the

forum state. *See, e.g.*, *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). As relevant

to this appeal, Morris brought claims under section 1983 for two incidents of false arrest and one

incident of malicious prosecution, each of which the district court dismissed on summary

judgment.

2

A claim for false arrest under section 1983, "resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citation omitted). Because one element of a false arrest claim under New York law is that "the confinement was not otherwise privileged," *Singer*, 63 F.3d at 118 (internal quotation mark omitted), the existence of probable cause for the arrest "is a complete defense to an action for false arrest," *Weyant*, 101 F.3d at 852 (internal quotation marks omitted). "Probable cause to arrest exists when the [arresting officers] have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution in the belief that (1) an offense has been or is being committed (2) by the person to be arrested." *United States v. Ceballos*, 812 F.2d 42, 50 (2d Cir. 1987) (internal quotation marks omitted). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with a crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Singer*, 63 F.3d at 119.

Morris's claim for malicious prosecution requires that she "show a violation of h[er] rights under the Fourth Amendment and [] establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted). The elements of a claim for malicious prosecution in New York are "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id.* (internal quotation marks omitted).

Claims under section 1983 both for false arrest and for malicious prosecution may be defeated if the defendant is entitled to qualified immunity, which "shields government employees acting in their official capacity from suits for damages under 42 U.S.C. § 1983, unless their conduct violated clearly established rights of which an objectively reasonable official would have known." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 568–69 (2d Cir. 1996). Accordingly, even if we were to determine that probable cause to arrest or prosecute did not exist, we may still affirm the grant of summary judgment to defendants if there was "arguable probable cause." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* (internal quotation marks omitted).

Morris's first claim for false arrest against Sergeant Silvestre and Police Officer James Dameron involves an incident that took place in her home on December 14, 2009, which the district court, construing all disputed facts in the light most favorable to her, treated as an arrest. We agree with the district court that the question of whether probable cause existed for this arrest is a close call because it was supported by little more than the complaint by an individual whose preexisting, antagonistic relationship with Morris was known to the police. Because this was a close call, officers of reasonable competence could disagree about whether there was probable cause. Accordingly, we affirm the district court's dismissal of this claim for false arrest on the ground that the officers had at least arguable probable cause to arrest and were therefore entitled to qualified immunity.

The prosecution of Morris that followed this arrest was further supported by her admission at the precinct, after an earlier denial at her home, that she would appear on the ATM

4

surveillance video withdrawing money by using Osborne Miller's bank card. Accordingly, as to Morris's claim against Officer Dameron that he initiated a malicious prosecution against her for Criminal Possession of Stolen Property in the Fourth Degree, in violation of New York Penal Law section 165.45(2), we affirm the district court's dismissal on the ground that there was probable cause for the prosecution.

The district court's decision on summary judgment did not discuss the fact that Morris was also simultaneously prosecuted for Identity Theft in the First Degree, in violation of New York Penal Law section 190.80(2), and Grand Larceny in the Fourth Degree, in violation of New York Penal Law section 155.30(1). Particularly because these crimes are more serious and involve different elements, we respectfully conclude that the district court erred in not "separately analyz[ing] the charges claimed to have been maliciously prosecuted." *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991). Despite this error, we may nevertheless affirm on any ground supported by the record. *See Holcomb v. Lykens*, 337 F.3d 217, 223 (2d Cir. 2003). Even if there were no probable cause to prosecute Morris for these more serious crimes, the evidence shows that Officer Dameron indicated only Criminal Possession of Stolen Property in the Fourth Degree in the report that he forwarded to the Queens County District Attorney's Office, which made the decision to prosecute on the additional, more serious charges. Accordingly, we affirm the dismissal of the count for malicious prosecution for the two more serious charges on the ground that Officer Dameron, who did not recommend them in his report, could not have acted with "actual malice" with respect to these charges. *See Manganiello*, 612 F.3d at 161.

Finally, we have no trouble concluding that there was probable cause to support the arrest of Morris by Police Officers Rosa Jordan and Kristyn Graziano on December 28, 2009 for

5

Criminal Contempt, in violation of New York Penal Law section 215.50(3): Morris flatly refused to comply with a valid order of the Queens County Housing Court, calling it void.

One last issue meriting mention is a putative claim by Morris under *Payton v. New York*, 445 U.S. 573 (1980), concerning the first arrest. In its decision on summary judgment, the district court concluded that "it was made clear at oral argument that no *Payton* claim is being advanced by Morris," and that even if one were, the claim would fail because "there is undisputed evidence that the officers were invited into the apartment." *Morris v. City of New York*, No. 12-cv-3959, 2013 WL 5781672, at *8 n.5 (E.D.N.Y. Oct. 28, 2013). Yet our review of the record shows that whether the officers were invited into the apartment is disputed, and we do not discern from Morris's counsel at oral argument any clarity about whether she was advancing a *Payton* claim. Nonetheless, we affirm the district court's judgment because Morris, whose second amended complaint and summary judgment papers were prepared by counsel, failed to advance and develop a *Payton* claim in any meaningful way: Morris did not cite *Payton* in her second amended complaint or her motion for summary judgment, and her counsel appeared unfamiliar with *Payton* at oral argument. A single citation to *Payton* in opposition to the defendants' motion for summary judgment is wholly inadequate for a party with counsel to present a *Payton* claim.

We have considered all of Morris's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6